UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

TEMPLE FAWN INMAN,

    Plaintiff,

v.

LORI JILL DESIGNS LLC,
JEFFREY FINKEL, LORI JILL FINKEL,

    Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, TEMPLE FAWN INMAN, brings this action against Defendants, LORI JILL DESIGNS LLC, JEFFREY FINKEL, and LORI JILL FINKEL, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff TEMPLE FAWN INMAN was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through interstate communication including by telephone with customers in Canada, New York, New Jersey, Pennsylvania, Connecticut, Wisconsin, Texas, Maine, Vermont, and other places.

4. At all times material hereto, Defendant, LORI JILL DESIGNS LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of window treatment sales and service, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with two or more of its

1

employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, JEFFREY FINKEL, is a resident of Palm Beach County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, LORI JILL DESIGNS LLC; said Defendant acted and acts directly in the interests of Defendant, LORI JILL DESIGNS LLC, in relation to said co-Defendant's employees. Defendant effectively dominates LORI JILL DESIGNS LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, JEFFREY FINKEL was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6. Defendant, LORI JILL FINKEL, is a resident of Palm Beach County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, LORI JILL DESIGNS LLC; said Defendant acted and acts directly in the interests of Defendant, LORI JILL DESIGNS LLC, in relation to said co-Defendant's employees. Defendant effectively dominates LORI JILL DESIGNS LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, LORI JILL FINKEL was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. Defendant JEFFREY FINKEL had authority to control Plaintiff's pay, schedule, and duties.

8. Defendant LORI JILL FINKEL had authority to control Plaintiff's pay, schedule, and duties.

9. Plaintiff worked for Defendants as a show room associate.

10. Defendants failed to pay Plaintiff his full and proper overtime compensation of 1.5 times Plaintiff's regular hourly rate for all overtime hours worked.

11. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

12. Defendants have knowingly and willfully refused to pay Plaintiff her full and proper overtime compensation.

13. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

14. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

### COUNT I
### VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
### ALL DEFENDANTS

15. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791